UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

WILLIAM M. GREENE and
KAREN M. GREENE,

                Plaintiffs,

  -against-                                         1:08-CV-0280
                                                                (LEK/DRH)

INTERNAL REVENUE SERVICE,

                Defendant.

## DECISION and ORDER

Presently before the Court is a motion by the United States of America seeking to dismiss Plaintiffs' Complaint (Dkt. No. 13) and Plaintiffs' Amended Motion for preliminary injunctive relief, filed on May 30, 2008 (Dkt. No. 10). Also before the Court is Plaintiffs' "Application for Leave to Bring an Interlocutory Appeal of the Court's July 11, 2008 Order . . ." (Dkt. No. 24), which the Court is construing as Objections to the July 11, 2008 Order of Magistrate Judge David R. Homer (Dkt. No. 23), as directed by the Mandate of the United States Court of Appeals for the Second Circuit (Dkt. No. 29).

**I.    Background**

On March 12, 2008, Plaintiffs filed the instant Complaint styled as a *qui tam* action and sought preliminary injunctive relief. Dkt. No. 1; Amended Complaint (Dkt. No. 6). Plaintiffs' prolix Complaint asks the Court to order the Internal Revenue Service ("IRS") to cease and desist from any collection activities against them, including releasing all notices of liens and levies, suspending all audit activity and administrative, civil and criminal proceedings against them. Am.

Compl. at ¶ 15.  Plaintiffs contend that the IRS is obstructing justice and violating their constitutional rights of freedom of association and religion by attempting to collect federal income taxes on their salaries, wages and compensation through the issuance of notices of levies on their banks and employers.  Id.

The Court sealed the Complaint for sixty days and denied the preliminary injunctive relief. Dkt. No. 3.  Plaintiffs served the United States Attorney's Office for the Northern District of New York ("USAO") with a copy of the Complaint on March 17, 2008.  On May 9, 2008, Plaintiffs filed a motion to amend three pages of the Complaint and again seeking preliminary injunctive relief. Dkt. No. 4.  On May 16, 2008, the Court granted the motion to amend and denied the motion for preliminary injunctive relief, finding that Plaintiffs had "not established a likelihood of success on the merits of their claim."  Dkt. No. 5.  On May 30, 2008, Plaintiffs filed an amended Motion for preliminary injunctive relief.  Dkt. No. 10.

On June 2, 2008, Lisa Bellamy filed a notice of appearance on behalf of the IRS, and on June 9, 2008, the United States filed the present Motion to Dismiss.  Notice of appearance (Dkt. No. 9); Motion to dismiss (Dkt. No. 13).  In response, Plaintiffs filed a "Motion for refusal of notice of appearance and to strike all pleadings of the [USAO] in the name of the United States because the United States is not a defendant in the captioned case."  Dkt. No. 14 ("Motion to strike").  On July 11, 2008, Magistrate Judge Homer issued an order denying Plaintiffs' Motion to strike, concluding that the United States was not a plaintiff in this action because it had never sought to intervene and that the IRS' representation by attorneys for the United States was proper because the IRS is an agency of the United States.  Dkt. No. 23.  Plaintiffs then brought an application for leave to bring an interlocutory appeal of the July 11 Order, which Judge Homer denied.  Motion (Dkt. No. 24);

Order (Dkt. No. 25). Plaintiffs appealed the July 11 Order and the Order denying interlocutory appeal to the U.S. Court of Appeals for the Second Circuit. Dkt. No. 26. As noted above, the Court of Appeals directed that this Court construe Plaintiffs' Motion for leave to bring interlocutory appeal as Objections to the July 11 Order. Mandate (Dkt. No. 29).

**II.     Discussion**

The Government has raised several alternative grounds for dismissal and denial of Plaintiffs' Motion and Objections. The Government asserts that the Court has no jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), that the Complaint fails to state a claim upon which relief may be granted, in accordance with Fed. R. Civ. P. 12(b)(6), that dismissal is proper pursuant to 31 U.S.C. § 3730(c)(2)(A), and that Judge Homer correctly concluded that the United States was not a plaintiff in this action because it had never sought to intervene and that the IRS' representation by attorneys for the United States was proper because the IRS is an agency of the United States. Each ground will be separately discussed.

**A.     31 U.S.C. § 3730(c)(2)(A)**

The *qui tam* provisions of the False Claims Act permit private parties to bring suits on behalf of the United States to enforce the Act's prohibitions against the submission of false claims to the Government. 31 U.S.C. § 3730(b)(1). If a *qui tam* action has been brought, the United States must be given the opportunity to intervene and take control of the action. 31 U.S.C. § 3720(b)(2) (providing the government with 60 days to review the complaint under seal to determine whether to intervene before the defendants are served). However, even where the Government decides not to intervene, it may still move to dismiss the suit. See United States Department of Defense v. CACI Int'l Inc., 953 F.Supp. 74, 77 (S.D.N.Y. 1995); see also Hughes Aircraft Co. v. United States ex rel.

Schumer, 520 U.S. 939, 943 n. 2 (1997) (suggesting that the government need not intervene in order to move to dismiss the action); Riley v. St. Luke's Episcopal Hospital, No. 97-20948, 2001 WL 568727, at *3 (5th Cir. May 25, 2001) (stating that "the government retains the unilateral power to dismiss an action" (citing Searcy v. Philips Electronics N. Am. Corp., 117 F.3d 154, 160 (5th Cir. 1997)).

Among the other alternative grounds for dismissal, the United States has moved to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A), which provides that the government may dismiss a *qui tam* action over the objections of the plaintiffs if they have been informed of the filing of the motion and the Court has held a hearing on the motion. The Court may determine that a hearing is not necessary if the complaint fails to state a False Claims Act claim and a hearing would not benefit the Court in reaching a decision. See United States v. Fiske, 968 F. Supp. 1347, 1355-56 (E.D. Ark. 1997). "While the Second Circuit has yet to establish a standard to be applied when evaluating the Government's Motion to Dismiss a qui tam action pursuant to 31 U.S.C. § 3703(c)(2)(A), it has, however stated that 'the court, need not, in order to dismiss, determine that the government's decision is reasonable.'" United States ex rel Pentagon Technologies Int'l Ltd. v. United States, No. 00 CIV 6167 (DAB), 2001 WL 770940, at *7 (S.D.N.Y. July 10, 2001) (quoting United States ex rel. Stevens v. Vt. Agency of Natural Res., 162 F.3d 195, 201 (2d Cir. 1998), rev'd on other grounds, 529 U.S. 765 (2000)). In addition, although not required by the Act, the Court permitted Plaintiffs to formally oppose the Government's Motion to dismiss. This Court's consideration of the arguments raised in the Plaintiffs' opposition has provided them with an opportunity to be heard on the Government's Motion.

The government asserts that this case should be dismissed because the government can not

sue itself since the United States and its agency, the IRS are one, and the sovereign cannot be sued under the provisions of 31 U.S.C. § 3729(a).  The Court finds, as discussed in more detail below, that this theory, along with the others, warrants dismissal of the case.

**B.     Fed. R. Civ. P. 12(b)(1)**

    1.     Legal Standard

A federal court's subject matter jurisdiction in each case is of primary importance since "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must grant a motion to dismiss when that court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Sharkey, 541 F.3d at 83; see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

    2.     The IRS may not be sued

Initially, the IRS itself is not liable to be sued.  No suit may proceed against the IRS either for a refund of tax allegedly improperly collected or for monetary or injunctive relief because Congress has not authorized suit against the agency in its own name.  See generally Blackmar v. Guerre, 342 U.S. 512, 515 (1952) ("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."); see also Clegg v. United States Treasury Dep't, 70 F.R.D. 486, 488-89 (D. Mass.

1976) ("In order to sue a federal agency in its own name, Congressional consent must clearly be found . . . No such statutory authorization provides jurisdictional grounds for this suit as against either the United States Treasury Department or the United States Secret Service."); Krouse v. United States Gov't Treas. Dep't Internal Revenue Serv., 380 F. Supp. 219, 221 (C.D. Cal.1974) (Department of the Treasury and the Internal Revenue Service are not suable entities).  Therefore, the IRS itself cannot be a defendant in the case.

    3.    The United States has not waived sovereign immunity

The IRS is an agency of the United States under the Secretary of the Treasury.  See 26 U.S.C. 7801(a)(1) ("the administration and enforcement of [Title 26 of the United States Code] shall be performed under the supervision of the Secretary of the Treasury."); see also McNeil v. United States, 78 Fed Cl. 211, 220-21 (Fed. Cl. 2007).  A suit against the IRS is, therefore, a suit against the United States.  See Nassar v. United States, 792 F. Supp. 1040, 1043 (D. Minn. 1992); see also Shanklin v. Fernald, 539 F. Supp. 2d 878, 884 (W.D. Tex. 2008).

Plaintiffs argue that the IRS is not an agency because there is no "Act" creating the IRS. However, the President of the United States, with the advice and consent of the Senate, has the authority to appoint a Commissioner of Internal Revenue to administer and supervise the execution of the internal revenue laws contained in Title 26 of the United States Code.  See 26 U.S.C. § 7803. Plaintiffs allege that government attorneys in an unrelated court proceeding asserted that the IRS is not an agency.  This allegation has no legal effect on this case and does not overcome the long-standing law codified in the United States Code.

Although the United States is therefore the proper party rather than its agency, the IRS, the United States as sovereign may be sued only to the extent that it has consented to suit by statute.

6

United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).  A waiver of sovereign immunity cannot be implied, but must be "unequivocally expressed" by an act of Congress, and such waivers "are not generally to be 'liberally construed.'"  United States v. Nordic Vill., 503 U.S. 30, 34 (1992); Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).  Plaintiffs fail to allege any basis for a waiver of sovereign immunity, and the Court finds no such waiver that applies.[1]  The Court therefore lacks subject matter jurisdiction.

   4.   The Anti-Injunction Act

Moreover, the Anti-Injunction Act permits the United States to assess and collect taxes without judicial intervention.  Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  Specifically, the Anti-Injunction Act states, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."  26 U.S.C. § 7421(a).[2]

The Supreme Court has carved out two judicial exceptions to the applicability of the Anti-Injunction Act in federal tax assessment and collection cases: (1) where the government could "under no circumstances" ultimately prevail, and (2) where the prerequisites for equity jurisdiction are met and where an aggrieved party has no adequate remedy at law.  South Carolina v. Regan, 465 U.S. 367, 378 (1984) (state was not in a position to litigate its claim); Bob Jones Univ., 416 U.S. at

---

[1] Since Plaintiffs are the taxpayers in this action, they cannot satisfy the waiver provisions of 26 U.S.C. § 7426(a)(1) that allow for the a waiver of "sovereign immunity for persons *other than taxpayers* to bring actions against the United States for wrongful levy."  Hynard v. IRS, 233 F. Supp. 2d 502, 511 (S.D.N.Y. 2002) (emphasis added).

[2] Section 7421(a) provides for several statutory exceptions, none of which applies in this case.  See 26 U.S.C. §§ 6212(a), (c), 6213(a), 6630(e)(1), 6331(i),6672(c), 6694(c), 7426(a), (b)(1), 7429(b).

742-46; Enochs, 370 U.S. at 7. Here, neither exception is applicable. As this Court already found in a previous Order (see Dkt. No. 5), Plaintiffs have not made a showing that they will ultimately prevail in this action. Moreover, as discussed below, Plaintiffs can not prevail. In addition, Plaintiffs have not established the prerequisites for equity jurisdiction[3] and Plaintiffs also have access to judicial review, since they have the option to pay the tax, file an administrative claim for a refund and, if that claim is denied, file a tax refund suit in this Court or in the Court of Federal Claims. Therefore, to the extent that Plaintiffs request injunctive relief preventing the IRS from collecting on their tax liabilities, their request is barred by the Anti-Injunction Act.

     5.     The Declaratory Judgment Act

The Court also lacks jurisdiction because the Declaratory Judgment Act bars district courts from exercising jurisdiction over cases or actual controversies "with respect to" taxes. Congress enacted this tax exception to prevent the use of the Declaratory Judgment Act as a means of avoiding the established principle that a taxpayer must pay the assessment before challenging it. Flora v. United States, 362 U.S. 145, 163-64 (1960). A controversy is "with respect to" federal taxes "[i]f it call[s] into question a specific provision of the Internal Revenue Code, or . . . a ruling or regulation issued under the Code." McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983). Plaintiffs are essentially asking the Court to prove that they are not subject to the provisions of the Internal Revenue Code. Accordingly, the Court lacks jurisdiction over this action under the Declaratory Judgment Act.

**C.**    **Fed. R. Civ. P. 12(b)(6)**

---

[3] Rather, the Court notes that there is no equity in allowing Plaintiffs to avoid payment of federal income taxes when every other citizen (and many non-citizens) are required to pay federal income taxes.

1. Legal Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. See Cooper v. Pate, 378 U.S. 546, 546 (1964); Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir. 2008). Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. See Bell Atlantic Corp. v. Twombly, __ U.S. __,127 S.Ct. 1955, 1964–69, 1974 (2007); see also Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face'") (quoting Twombly, __ U.S. at __, 127 S. Ct. at 1974). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, 127 S.Ct. at 1974).

2. Analysis

Plaintiffs' claims against the IRS stem from the imposition of a Federal income tax and are based on the assertion that Plaintiffs' First Amendment rights of freedom of association and religion have been violated by the IRS' attempts to collect federal income taxes on their salaries, wages and compensation through the issuance of notices of levies on their banks and employers. However, this claim must fail because "[p]laintiffs do not have a First Amendment Right to withhold money owed to the government and to avoid governmental enforcement actions because they object to

9

government policy." We The People v. United States, No. 04-1211 (EGS), 2005 WL 2473698, 2005 U.S. Dist. LEXIS 20409, at ** 5-6 (D.D.C. Aug. 31, 2005), aff'd 485 F.3d 140 (D.C. Cir. 2007) (citing Adams v. Comm'r, 170 F.3d 173, 182 (3d Cir. 1999)) ("Plaintiffs engaging in civil disobedience through tax protests must pay the penalties incurred as a result of engaging in such disobedience."); United States v. Rowlee, 899 F.2d 1275, 1279 (2d Cir. 1990) ("The consensus of this and every other circuit is that liability for a false or fraudulent return cannot be avoided by evoking the First Amendment [.]") (citing cases); United States v. Kelley, 864 F.2d 569, 576-77 (7th Cir.), cert. denied, 493 U.S. 811 (1989) (actions that constitute more than mere advocacy not protected by the First Amendment); Welch v. United States, 750 F.2d 1101, 1108 (1st Cir. 1985) ("[N]oncompliance with the federal tax laws is conduct that is afforded no protection under the First Amendment[.]"); United States v. Ness, 652 F.2d 890, 892 (9th Cir.), cert. denied, 454 U.S. 1126 (1981) ("Tax violations are not a protected form of political dissent."); United States v. Malinowski, 472 F.2d 850, 857 (3d Cir. 1973) ("To urge that violating a federal law which has a direct or indirect bearing on the object of protest is conduct protected by the First Amendment is to endorse a concept having no precedent in any form of organized society where standards of societal conduct are promulgated by some authority.").

### 3. Claims under the False Claims Act

Plaintiffs' claims under the False Claims Act also fail for several reasons. Section 3730 (b)(1) of Title 31 allows private parties to bring a civil action on behalf of the government and themselves for violations of § 3729. Section 3729(a), in turn, provides that " any person who – (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval . . . is liable to the United States

Government for a civil penalty . . . ." 31 U.S.C. § 3729.[4]

Plaintiffs here are asking the United States to sue itself, via its agency the IRS, an action that is prohibited, as discussed above. See also, e.g., Juliano v. Federal Asset Disposition Ass'n, 736 F. Supp. 348, 352 (D.D.C. 1990), aff'd 959 F. 2d 1191 (D.C. Cir. 1992); see also United States el rel McCray Sanitation Servs. v. Midwest Container Co., 7 F.3d 1046 (10 Cir. 1993) (dismissing counts of a claim that placed the United States in the roles of both plaintiff and defendant). In addition, the claim cannot proceed since a plaintiff cannot sue the United States or its agency, in this case the IRS, under the False Claims Act, because the definition of "person" under § 3729(a) does not include the sovereign. Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 780 (2000). This is in line with the purpose of the False Claims Act, which is to provide a remedy for false claims made against the United States, rather than by the United States.

Finally, the Court notes that the False Claims Act contains a provision known as the "Tax Bar" which states that the act "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(e). This provision was added in 1986, and has been interpreted by the Second Circuit to bar claims that depend on a violation of the Tax Code in addition to claims seeking to recover federal taxes. U.S. ex rel. Lissack v. Sakura Global Capital Markets, Inc., 377 F.3d 145, 152-53 (2d Cir. 2004) (noting that the legislative history of the Tax Bar is limited "to a lone statement in the Senate Report that 'it is now apparent that the False Claims Act

---

[4] A claim is defined as:
any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.
31 U.S.C. § 3729(c).

11

does not apply to income tax cases, and the Committee does not intend that it should be so used.'") (quoting S.Rep. No. 99-345, at 18, reprinted at 1986 U.S.C.C.A.N. 5266, 5283 (1986)).  Based on this Court's findings that, *inter alia*, the claim cannot survive under the False Claims Act and there is no jurisdiction, the Court need not address whether Plaintiffs' rambling complaint warrants an application of the Tax Bar to the present case.

Accordingly, the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.  In addition, the Court has already found that it lacks subject matter jurisdiction on several alternative grounds.  Nonetheless, for thoroughness, the Court will also briefly consider Plaintiffs' remaining Motions.

**D.     Objections to the Magistrate Judge's Order**

In accordance with the Mandate of the Court of Appeals for the Second Circuit, this Court is construing Plaintiffs' Application for leave to file an interlocutory appeal as Objections to the July 11 Order under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), which both allow the district judge to modify or set aside a magistrate judge's order if it is found to be "clearly erroneous" or "contrary to law."  An order is deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp.2d 70, 74 (N.D.N.Y. 2000).  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the *definite and firm conviction that a mistake has been committed*.'"  Carmona v. Wright, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) (quoting Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993)) (emphasis added).

Plaintiffs had originally sought to strike the pleadings of the United States because they

12

claimed that it could not be both a plaintiff and defendant in the action. Judge Homer concluded that the United States was not a plaintiff in this action because it had never sought to intervene. Dkt. No. 23. In addition, Judge Homer found that the IRS' representation by attorneys for the United States was proper because the IRS is an agency of the United States, and therefore declined to strike the filings made by the USAO. Id. Plaintiffs object to these findings, as discussed above (section II(B)(3)), based on their claim that the IRS is not an agency of the United States. However, the Court has already determined that the argument lacks merit.

Based on their argument that the IRS is not an agency of the United States, Plaintiffs also argue that attorneys from the USAO and Department of Justice may not represent the IRS. See Dkt. No. 24, ¶ 24. However, as Judge Homer correctly determined, the Attorney General or any other officer of the Department of Justice may prosecute or defend any action in which the United States is a party. See 28 U.S.C. §§ 515, 547(2). Accordingly, Plaintiffs have failed to demonstrate that the July 11 Order was "clearly erroneous" or "contrary to law." Therefore, the objections to Judge Homer's Order are denied and dismissed.

E.      **Motion for preliminary injunctive relief**

Finally, Plaintiffs seek preliminary relief enjoining the IRS from levying or collecting taxes or acting to enforce any outstanding liens or judgments against Plaintiffs, among other actions. "[A] party seeking preliminary injunctive relief must establish (1) a likelihood of irreparable harm, if the requested relief is denied, and (2) either (a) a likelihood of success on the merits or (b) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor.'" Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev., No. 06-4035-CV, 2007 WL 3334335, at *1 (2d Cir. Nov. 8, 2008) (summary order)

(quoting Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007)).  When the preliminary injunctive relief sought would prohibit "government action taken in the public interest pursuant to a statutory or regulatory scheme," the party seeking such injunctive relief must establish a likelihood of success on the merits.  Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 573-4 (2d Cir. 2002).

Since Plaintiffs' requested relief would prohibit government action taken in the public interest pursuant to a statutory scheme, Plaintiffs must establish a likelihood of success on the merits of their claim before such relief can be awarded.  However, this Court has already found that Plaintiffs fail to state a claim upon which relief can be granted, that the Court lacks subject matter jurisdiction, and that the Anti-Injunction Act prohibits the Court from granting the requested relief.  Therefore, Plaintiffs' Motion for preliminary injunctive relief is also denied.

### III. Conclusion

For the foregoing reasons, it is therefore

**ORDERED**, that Plaintiffs' Motion for leave to file interlocutory appeal (Dkt. No. 24), construed as Objections to the July 11 Order (Dkt. No. 23) in accordance with the Mandate of the Second Circuit (Dkt. No. 29) are **DENIED and DISMISSED**; and it is further

**ORDERED**, that Defendants' Motion to dismiss (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Amended Motion for preliminary injunctive relief (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that Plaintiffs' Amended Complaint (Dkt. No. 6) is **DISMISSED with prejudice in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:      December 23, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge